American Colonial Bank of Porto Rico, Plaintiff and Appellee, v. Manuel Rossy et al., Defendants and Appellants.

No. 4350. Argued April 9, 1929.—Decided May 7, 1929.

*M. F. Rossy* for the appellants.    *O. B. Frazer* and *R. Castro Fernández* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This was an action of debt brought by the American Colonial Bank of Porto Rico against Manuel F. Rossy and Jesús M. Rossy.

The case having been tried and the evidence heard, the court gave judgment for the plaintiff. The defendants appealed and in their brief assigned seven errors, which were duly controverted by the appellee.

We have studied the case carefully and in our opinion the only fundamental and doubtful question is whether or not the obligation of the defendants to pay to the plaintiff the sum claimed and stated in a promissory note was novated by another in which defendant Manuel F. Rossy alone promised to pay the debt and secured it by creating a second mortgage on a rural property belonging to him.

The plaintiff sued on the promissory note. The defendants maintained that the obligation was novated. The court held that there was no novation.

The novation is sustained by the testimony of defendant M. F. Rossy and supported to a certain extent by a letter written to him by the bank on September 11, 1925. But it is denied by another letter also written to him by the bank on September 12, 1925, which he did not answer, and the testimony of the bank's vice-president, H. L. Cochran, explaining that the mortgage was an additional security to induce the bank to consent to continue extending the debt.

The conflict in the evidence was adjusted expressly against the defendants by the trial court and we find nothing in the record to justify an opinion that the court committed error in so doing. Besides, the evidence shows that when the second mortgage was offered, either for novating the obliga-

tion or for securing new extensions, defendant Rossy was not in a position to create it.

This disposes of the first six assignments. It is contended in the last assignment that in fixing the amount of the attorney's fees at two hundred dollars in its judgment the district court erred by not applying section 327 of the Code of Civil Procedure, as amended by Act No. 38 of 1917, and section 339 of the said code as amended by Act No. 15 of November 19, 1917.

We do not think that the trial court erred as alleged by the appellants. The defendants promised expressly in the note to pay attorney's fees in case of suit and it was also expressly alleged in the complaint that the said fees were estimated at two hundred dollars.

In *A. Alvarez & Bros.* v. *District Court of San Juan,* 35 P.R.R. 204, this court established the following doctrine:

"Notwithstanding a contract to pay the costs and attorney's fees, if such costs and fees are prayed for in general terms in the complaint and the judgment also allows them in general terms, their amounts and collection must be in accordance with the proceeding fixed by law."

And in the course of its opinion the court expressed itself as follows:

"The decisions of this court cited by the petitioners do not decide this case definitely: It is established therein that when the payment of costs and fees is previously agreed upon by the parties the court must recognize the agreement, but that does not mean that the fixing of the amount when it is not determined by the judgment should not be made according to the procedure prescribed by law."

Here are the requisites lacking in that case, that is, the court, in view of the previous agreement between the contracting parties and the express allegation of the plaintiff in its complaint, fixed in its judgment the amount of the fees. It was not necessary to await the ulterior proceeding established by law for when the amount remains undetermined.

The court also has jurisdiction to fix the amount in that

second stage of the proceeding and it was not necessary to wait for it because the plaintiff took care to allege from the outset not only the propriety of allowing fees by virtue of the agreement between the contracting parties, but their amount, the defendants being thus afforded an opportunity to argue both questions.

For the foregoing reasons the appeal is dismissed and the judgment is affirmed.